# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### NORTHERN DIVISION

_____

CHRISTINE GREER,                                    Case No.
                                                    Hon.
                  Plaintiff,

vs.

NORTHERN MICHIGAN UNIVERSITY,
a state agency and institution,

                  Defendant.
_____/

Jennifer L. Lord (P46912)
Brian J. Farrar (P79404)
Attorneys for Plaintiff
STERLING EMPLOYMENT LAW
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
jlord@sterlingattorneys.com
bfarrar@sterlingttorneys.com
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, Christine Greer ("Greer"), by her attorneys Sterling Employment Law, for her Complaint against Defendant, states as follows:

## JURISDICTIONAL ALLEGATIONS

1.     Greer is an individual residing in Marquette, Michigan.

2.     Defendant Northern Michigan University ("NMU") is a public four-year university located in Marquette, Michigan and has an enrollment of approximately 7,700 undergraduate and graduate students.

3.     Plaintiff brings this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 USC 623(a) and the Elliott Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, *et seq.*[1]

4.     Defendant is an employer, and plaintiff is an employee, as defined by the ADEA, and ELCRA.

5.     This Court has federal question jurisdiction of plaintiff's federal claims under 28 USC 1331 because this action arises under the laws of the United States.

6.     This Court has supplemental jurisdiction over plaintiff's state law claims under 28 USC 1367(a).

7.     Venue is proper under 28 USC 1391(a)(2) and (b)(2) because the unlawful employment actions giving rise to the claims occurred, and are still occurring, in this district.

## GENERAL ALLEGATIONS

8.     Greer worked for Northern Michigan University ("NMU") from

---

[1]Greer has a charge of discrimination alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC 2000e *et seq* pending in the Equal Employment Opportunity Commission. Greer will amend her Complaint to add this Count when the EEOC issues its Right to Sue.

October 15, 2001 to October 1, 2024, and most recently held the position of Associate Vice President ("VP") for Student Affairs and Student Success and Dean of Students.

9.     Greer is 69 years-old.

10.     During Greer's 23-year career with NMU, she had always been a dedicated and loyal employee, and received excellent performance reviews.

11.     In early 2023, Brock Tessman ("Tessman") took over as President of the University.

12.     After Tessman became President, Greer began reporting directly to him.

13.     Shortly thereafter, Greer started to notice that President Tessman seemed to value younger, less-experienced administrators over older ones, as well as valuing men over women.

14.     Tessman ignored serious performance issues with the younger and predominately male administrators.

15.     Tessman would blame Greer for alleged performance issues that were either not entirely her responsibility, or her fault, or that were less serious than those of younger and male colleagues.

16.     Beginning in 2023, and continuing into 2024, Tessman began shifting many of Greer's core job responsibilities to a younger, less qualified male.

17.     Greer told Tessman the younger male he was giving her responsibilities to was not as qualified as Greer and should not get an Associate VP position as her equal.

18.     Greer also told Tessman that there were at least three women who were more qualified than the younger less qualified man and that it was wrong that the women were not given the opportunity to be considered for the position.

19.     After Greer raised these concerns, Tessman continued to devalue her position.

20.     During board meetings, Greer was almost always last or second to last on the agenda. Everyone was supposed to have 20-30 minutes to speak, but Tessman would allow the younger and male colleagues to speak longer and "eat" into Greer's time.

21.     Tessman also cut into Greer's speaking time during at least one University Forum.

22.     In August 2024, Tessman informed Greer that she was being fired, effective October 1, 2024.

23.     The reasons Tessman gave were alleged performance issues, but those are not accurate.

24.     Greer never had performance issues and Tessman made the alleged issues up to disguise discrimination and retaliation.

25.     Historically, if an employee was having performance issues, they were placed on a Performance Improvement Plan, not terminated.

# COUNT I

## TERMINATION IN VIOLATION OF THE ADEA

26.     Greer incorporates the preceding paragraphs by reference.

27.     Greer was qualified for her position.

28.     Defendant discriminated against Greer with respect to her terms, conditions, and privileges of employment due to her age.

29.     Defendant treated younger employees more favorably than Greer and other older employees.

30.     Defendant terminated Greer because of her age.

31.     Defendant's alleged reason for terminating Greer was a pretext for age discrimination.

32.     Defendant willfully violated Greer's rights under the ADEA.

33.     As a direct and proximate result of defendant's conduct, plaintiff has suffered, and will continue to suffer, lost compensation, lost benefits, emotional distress, and other incidental and consequential damages, including attorney fees.

# COUNT II

## AGE AND SEX DISCRIMINATION IN VIOLATION OF ELCRA

34.     Greer incorporates the preceding paragraphs by reference.

35.     Greer was qualified for her position.

36.     Defendant discriminated against Greer with respect to her terms, conditions, and privileges of employment due to her age and sex.

37.     Defendant treated younger, male employees more favorably than Greer and other older, female employees.

38.     Greer's age and sex were a factor in defendant's decision to terminate her.

39.     Defendant's alleged reason for terminating Greer was a pretext for age and sex discrimination.

40.     Defendant's discrimination denied Greer the opportunity for continued employment and adversely affected her compensation, benefits, terms, conditions, and privileges of employment in violation of ELCRA, MCL 37.2101, *et seq*.

41.     As a direct and proximate result of defendant's conduct, plaintiff has suffered, and will continue to suffer, lost compensation, lost benefits, emotional distress, and other incidental and consequential damages, including attorney fees.

WHEREFORE, Greer respectfully requests that this Honorable Court enter judgment against defendant, in whatever amount plaintiff is found to be entitled, together with punitive damages, exemplary damages, equitable relief, interest as an element of damages, statutory interest, and attorney fees and costs.

**JURY DEMAND**

Plaintiff Christine Greer, by her attorneys Sterling Employment Law, demands a trial by jury.

Respectfully submitted,

STERLING EMPLOYMENT LAW

By:   /s/Jennifer L. Lord
        Jennifer L. Lord (P46912)
        Brian J. Farrar (P79404)
        Attorneys for Plaintiff
        33 Bloomfield Hills Pkwy., Ste. 250
        Bloomfield Hills, MI 48304
        (248) 644-1500

Dated: August 12, 2025